IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Case No. 4:25-CR-190 |
| | § | Judge Mazzant |
| MARK EXPOSITO | § | |

## UNITED STATES'S UNOPPOSED MOTION
## FOR PROTECTIVE ORDER

Much of the discovery material in this case contains sensitive and private personal identification information related to individuals or entities who are not defendants in this case, along with information related to the defendant. Accordingly, the United States requests that the Court issue a Protective Order governing the use and disclosure of these discovery materials.

## BACKGROUND

1.      Mark Exposito is charged in the Superseding Indictment in this case with conspiring to commit wire fraud and with substantive counts of wire fraud.   In general, Exposito is alleged to have conspired with at least one other person to defraud and obtain money over a period of time, and to have made false representations or statements and caused interstate wire transmissions during the course of the scheme.

3.      During the course of the investigation leading to this indictment the Government has gathered and obtained a substantial amount of documents and information containing sensitive and private personal identification information, financial

1

information, tax information, accounting information, business information, addresses, and other private information related to individuals and business entities other than the defendant. The Government also gathered sensitive and private information about and related to the defendant.

3.     The Government respectfully requests that the Court issue a Protective Order implementing the terms stated below to ensure to the extent practical the continued confidentiality of the information described above.   The Court has previously issued a similar protective order in an associated case against the same defendant, *United States v. Exposito*, Case No. 4:23-CR-63, ECF Dkt No. 87, pending in this Court.

4.     The requested relief is narrowly tailored to ensure that the confidential information identified in paragraph two will remain protected.

## **REQUESTED TERMS**

5.     The Government requests the inclusion of the following terms in the Protective Order:

a.     The following material disclosed by the Government (by notice or by copy) in this case to Defense Counsel of record or other additional defense counsel representing the defendant at any time related to this case ("Defense Counsel"), falls within the scope of the proposed order and is referred to below as "Protected Discovery Material:"

i.     Tax returns and all information contained in or attached to the tax returns;

2

ii.     Federal tax return information, as that phrase is defined in 26 U.S.C. § 6103(b)(2);

iii.    Documents or materials containing personally identifiable information, including but not limited to names; dates of birth; social security numbers; financial account numbers; home addresses; initials or names of minors;

iv.     Materials created or prepared by expert witnesses, except for those materials displayed during trial or admitted as exhibits at trial; and

v.      Bank and financial account records.

b.      If Defense Counsel believes that a specific item or items within the discovery should be excepted from the protected discovery material, Defense Counsel may confer with counsel for Government related to this issue.   If the Defense Counsel and the counsel for the Government are not able to reach an agreement and Defense Counsel persists in their position that the discovery material should be personally possessed by the defendant or otherwise not protected, Defense Counsel may file a motion with the Court seeking relief;

c.      Defense Counsel shall maintain the Protected Discovery Material in accordance with the terms of the Protective Order and shall use the Protected Discovery Material solely and exclusively in connection with this case (including trial preparation, trial, appeal, or other related legal proceedings) and for no other

3

purposes;

d.      Only the following individuals may access and view the Protected Discovery Material: (i) Defense Counsel; (ii) Defendant, for the sole purpose of assisting in the preparation of his defense and only while defendant is in the offices of and operating under the direct supervision and control of his Defense Counsel; (iii) such members of Defense Counsel's staff as are necessary for the purposes outlined above and only while these staff members are in the offices of and operating under the direct supervision and control of Defense Counsel; (iv) expert witnesses assisting in the defense (subject to the provisions of the paragraph below); and (v) investigators hired to assist Defense Counsel for the purpose of defendant the pending charges against Defendant only while these individuals are in the offices of and operating under the direct supervision and control of Defense Counsel;

e.      Expert witnesses retained to assist in the defense may view the protected material and may possess it solely for their work related to this case and for no other purpose. Defense Counsel will advise any such expert witness of the contents of the protective order, will provide a copy of the protective order to the expert witness, and the expert witness will mark all storage containers, envelopes or folders (digital or paper) containing materials subject to the protective order as "SUBJECT TO PROTECTIVE ORDER" and keep the materials under secure storage or (if electronic data) in a secured and password-protected digital storage

4

system. All materials subject to the protective order that are provided to any expert witness will be returned to the Defense Counsel at the conclusion of the case before the District Court, and the expert witness will retain no copies of any such records, materials, documents and data;

e.      Defense Counsel may print, copy, or duplicate the Protected Discovery Material only if the printed items, copies, and/or duplicates are kept under the same control as the original Protected Discovery Material. The Defendant is not allowed to print, copy, duplicate, or possess copies or originals of the Protected Discovery Material, other than reviewing it for the sole purpose of assisting in the preparation of his defense and only in the presence of and under the direct supervision of his Defense Counsel, as stated above;

f.      Only Defense Counsel and his staff may access material stored on a secure cloud storage device used by the United States Attorney's Office to provide discovery to the Defendant, such as the USAfx system. Neither the Defendant nor any expert witness may use this system;

g.      Defense Counsel will keep a copy of the Protective Order with the Protected Discovery Material at all times and provide a copy to any staff member, expert, or investigator assisting Defense Counsel in the case; and

h.      Upon termination of this matter, Defense Counsel shall destroy the Protected Discovery Material and any electronic or printed items, copies or duplication of the Protected Discovery Material.

5

## CONCLUSION

Based on the foregoing, the Government respectfully requests that the Court issue

a Protective Oder governing the use and disclosure of the Protected Discovery Material.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

MATTHEW T. JOHNSON
Assistant United States Attorney
600 East Taylor Street, Suite 2000
Sherman, Texas 75090
Texas Bar No. 24060033
(903) 893-1843
(903) 892-2792 (fax)
Matthew.Johnson2@usdoj.gov


_____/s/ Thomas E. Gibson_____
BY:   THOMAS E. GIBSON
Assistant United States Attorney
Texas State Bar No. 07875450
Plano, Texas 75074
Telephone:   972-509-1201
Fax: 972-509-1209
Email:   tom.gibson@usdoj.gov

ATTORNEYS FOR THE UNITED STATES


## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2026, I will cause a true and correct copy of this

document to be electronically filed on Defendant's counsel of record by means of the

Court's CM-ECF system.

6

    /s/ Thomas E. Gibson
Thomas E. Gibson

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 13, 2026, I conferred with Russell Turkel, one of the attorneys for the defendant, and that Mr. Turkel indicated that this motion is not opposed.

    /s/ Thomas E. Gibson
Thomas E. Gibson
Assistant United States Attorney