IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Case No. 4:25-CR-190 |
| | § | Judge Mazzant |
| MARK EXPOSITO | § | |

## PROTECTIVE ORDER

Having considered the United States's Unopposed Motion for Protective Order,

the Court orders as follows:

1.      The Court finds that certain material and information that is included in discovery

in this case contains sensitive and confidential personal information related to individuals

and entities who are not defendants in this case, as well as the defendant.   In light of this,

the United States has filed a motion asking the Court to issue a protective order that

would allow for the limited disclosure of this type of information to Counsel for

Defendant and other individuals on a limited basis, as set forth in the motion.

2.      The Court finds that the following type of material falls within the scope of this

Order and is referred to below as "Protected Discovery Material:"

        a.      The following material disclosed by the Government (by notice or

        by copy) in this case to Defense Counsel of record or other additional defense

        counsel representing the defendant at any time related to this case ("Defense

        Counsel"), falls within the scope of the proposed order and is referred to below as

        "Protected Discovery Material:"

                i.      Tax returns and all information contained in or attached to the

tax returns;

ii.     Federal tax return information, as that phrase is defined in 26

U.S.C. § 6103(b)(2);

iii.    Documents or materials containing personally identifiable

information, including but not limited to names; dates of

birth; social security numbers; financial account numbers;

home addresses; initials or names of minors;

iv.     Materials created or prepared by expert witnesses, except for

those materials displayed during trial or admitted as exhibits

at trial; and

v.      Bank and financial account records.

b.      If Defense Counsel believes that a specific item or items within the

discovery should be excepted from the protected discovery material, Defense

Counsel may confer with counsel for Government related to this issue.  If the

Defense Counsel and the counsel for the Government are not able to reach an

agreement and Defense Counsel persists in their position that the discovery

material should be personally possessed by the defendant or otherwise not

protected, Defense Counsel may file a motion with the Court seeking relief;

c.      Defense Counsel shall maintain the Protected Discovery Material in

accordance with the terms of the Protective Order and shall use the Protected

Discovery Material solely and exclusively in connection with this case (including

trial preparation, trial, appeal, or other related legal proceedings) and for no other purposes;

d.       Only the following individuals may access and view the Protected Discovery Material: (i) Defense Counsel; (ii) Defendant, for the sole purpose of assisting in the preparation of his defense and only while defendant is in the offices of and operating under the direct supervision and control of his Defense Counsel; (iii) such members of Defense Counsel's staff as are necessary for the purposes outlined above and only while these staff members are in the offices of and operating under the direct supervision and control of Defense Counsel; (iv) expert witnesses assisting in the defense (subject to the provisions of the paragraph below); and (v) investigators hired to assist Defense Counsel for the purpose of defendant the pending charges against Defendant only while these individuals are in the offices of and operating under the direct supervision and control of Defense Counsel;

e.       Expert witnesses retained to assist in the defense may view the protected material and may possess it solely for their work related to this case and for no other purpose. Defense Counsel will advise any such expert witness of the contents of the protective order, will provide a copy of the protective order to the expert witness, and the expert witness will mark all storage containers, envelopes or folders (digital or paper) containing materials subject to the protective order as "SUBJECT TO PROTECTIVE ORDER" and keep the materials under secure

storage or (if electronic data) in a secured and password-protected digital storage system. All materials subject to the protective order that are provided to any expert witness will be returned to the Defense Counsel at the conclusion of the case before the District Court, and the expert witness will retain no copies of any such records, materials, documents and data;

e.  Defense Counsel may print, copy, or duplicate the Protected Discovery Material only if the printed items, copies, and/or duplicates are kept under the same control as the original Protected Discovery Material. The Defendant is not allowed to print, copy, duplicate, or possess copies or originals of the Protected Discovery Material, other than reviewing it for the sole purpose of assisting in the preparation of his defense and only in the presence of and under the direct supervision of his Defense Counsel, as stated above;

f.  Only Defense Counsel and his staff may access material stored on a secure cloud storage device used by the United States Attorney's Office to provide discovery to the Defendant, such as the USAfx system. Neither the Defendant nor any expert witness may use this system;

g.  Defense Counsel will keep a copy of the Protective Order with the Protected Discovery Material at all times and provide a copy to any staff member, expert, or investigator assisting Defense Counsel in the case; and

h.  Upon termination of this matter, Defense Counsel shall destroy the Protected Discovery Material and any electronic or printed items, copies or

duplication of the Protected Discovery Material.

So **ORDERED** and **SIGNED** this 19th day of March, 2026.

_____
Bill Davis
United States Magistrate Judge